UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-20664 |
| Plaintiff, | Sean F. Cox<br>United States District Judge |
| vs. | |
| MIRACKLE McGLOWN, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant. | |

## ORDER DENYING MOTION FOR BOND

Defendant, Mirackle McGlown, was indicted by a grand jury and charged with distributing and aiding and abetting another person in the distribution of fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Dkt. 3). Defendant was arrested and initially appeared in court on December 23, 2008. At that time the government moved for detention and the detention hearing was scheduled for December 24, 2008. On the date of the hearing defendant consented to detention without prejudice to seek release on bond at a later date.

The offense defendant is charged with committing is punishable under 21 U.S.C. § 841(b)(1)(A). The potential sentence for a conviction under this section, without prior convictions for felony drug offenses, is a mandatory

1

<mark>x</mark>

minimum ten years and a life maximum. On January 9, 2009, the government filed an information under 21 U.S.C. § 851 alleging that defendant had prior convictions for two felony drug offenses. (Dkt. 17). The effect of this pleading is to raise the potential sentence for the crime defendant is charged with committing to a mandatory life sentence. This is the highest penalty under federal law outside of the death penalty.

On January 29, 2009, defendant filed a motion for bond asserting that, under all the circumstances, he should be released on bond. (Dkt. 20). The government filed a response to the motion contending that (1) the proof of defendant's guilt is strong, (2) defendant is facing a mandatory life sentence, (3) defendant committed criminal offenses while under court supervision in the past, including an offense involving the possession of a firearm, (4) defendant has used controlled substances while under court supervision and (5) defendant possessed valuable assets that he owned but that were registered in someone else's name. The motion was referred to the undersigned on January 30, 2008, under the provisions of 28 U.S.C. § 636(b)(1)(A). (Dkt. 21).

A hearing was held on defendant's motion on February 5, 2009. At the hearing both sides acknowledged that the offense defendant was charged with gave rise to a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e).

Defendant argued that he could reside with his spouse and children and his spouse was willing to serve as a third party custodian. Additionally, defendant submitted that he had a job available if he could be released and that he had a very strong, supportive family. He also argued that he was not a flight risk because his family lived in the area. The government repeated its argument made in their written response to the defendant's motion.

Based on the factors listed in 18 U.S.C. § 3142(g) it is determined, by a preponderance of the evidence, that there are no conditions or combinations of conditions that reasonably assure the appearance of the defendant as required. While defendant does have an acceptable residence, employment and a supportive family, he faces a presumption in favor of detention. Most importantly he faces the realistic possibility of being sentenced to serve the rest of live in prison, which, for a man that is twenty eight years old, creates a temptation to flee the area. Defense counsel argued that defendant's prior felony drug convictions were not as serious as some other cases and that at least one of them was committed when the defendant was seventeen. However, defense counsel acknowledged that the prior offenses were likely to be proper predicates for the sentence enhancement advanced by the government and which would result in a mandatory life sentence. While this may be a very harsh sentence, it does reflect the proper application of

the law and creates an overwhelming temptation to flee for a 28 year old man. Given this factor, as well as defendant's history of violating supervision in the past, the undersigned finds that defendant has not rebutted the presumption in favor of detention and, even if he had, the government has established, by a preponderance of the evidence, that defendant is a flight risk and that there are no conditions that will reasonably assure the appearance of the defendant as required in future hearings in this matter.

**THE COURT ORDERS** that defendant be detained pending trial in this matter.

**IT IS SO ORDERED.**

|  |  |
|---|---|
| Date: February 6, 2009 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

5

**CERTIFICATE OF SERVICE**

      I certify that on <u>February 6, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following <u>Robert W. Haviland, AUSA and David A. Koelzer, Federal Defender's Office</u>, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participants: <u>Pretrial Services Agency and U.S. Marshal's Service</u>.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                james_peltier@mied.uscourts.gov