UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mirackle McGlown,

    Petitioner,

v.                                                  Civil Case No. 10-11272
                                                   Criminal Case No. 08-20664

United States of America,

                                                   Honorable Sean F. Cox

    Respondent.
_____/

**OPINION & ORDER
DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE**

This matter is currently before the Court on Petitioner Mirackle McGlown's ("McGlown") Motion to Vacate Sentence, brought under 28 U.S.C. § 2255. As explained below, the Court shall DISMISS the motion because the Court concludes that McGlown waived his right to collaterally attack his sentence in the plea agreement that he executed.

BACKGROUND

In this action, McGlown was charged with a drug offense. Pursuant to a Rule 11 Plea Agreement, McGlown pleaded guilty to Count One, distribution of more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Docket Entry No. 26, Rule 11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 7, as follows:

    7.    APPEAL WAIVER

    If the sentence imposed falls within the guideline range in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has

recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

**Defendant understands that defendants generally have the right collaterally to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily <u>waives</u> that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.**

(Rule 11 Agreement at 7-8) (underlining in original; bolding added for emphasis).

McGlown pleaded guilty to Count I of the Indictment before this Court on February 13, 2009. (*See* Docket Entry No. 37, Transcript of Plea Hrg.). At that time, McGlown acknowledged that he was giving up his right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. (*Id*. at 17-19). This Court accepted McGlown's guilty plea on February 13, 2009, and took the Plea Agreement under advisement.

On July 10, 2009, this Court accepted the Plea Agreement and sentenced McGlown to a term of 240 months imprisonment. Judgment was entered on August 3, 2009. (Docket Entry No. 31).

McGlown did not file a direct appeal and the time for doing so has expired.

On March 30, 2010, McGlown filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Docket Entry No. 32).

On October 6, 2010, the Government filed a response in opposition to McGlown's motion. (Docket Entry No. 41). McGlown filed a reply brief on July 12, 2010.

2

ANALYSIS

The Government contends that this Court must dismiss McGlown's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because McGlown waived his right to collaterally attack his sentence in the plea agreement he executed. The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89. The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea." *Id.* In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea. *Id*.

Here, however, McGlown has not raised challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. *Id.* Moreover, in his Reply Brief, McGlown acknowledges that "the record clearly establishes that Petitioner waived his right to file a Section 2255 motion, knowingly and intentionally, and voluntarily." (Docket No. 42). Accordingly, McGlown waived his right to collaterally attack his sentence in the plea agreement that he executed

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its ruling. The Court shall therefore decline to issue a certificate of appealability.

CONCLUSION & ORDER

McGlown waived his right to collaterally attack his sentence in the plea agreement that he executed. Accordingly, **IT IS ORDERED** McGlown's § 2255 Motion is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

           S/Sean F. Cox
           Sean F. Cox
           United States District Judge

Dated: October 25, 2010

I hereby certify that on October 25, 2010 a copy of the foregoing document was served upon counsel of record by electronic means and upon Mirackle McGlown via First Class Mail at the address below:

Mirackle McGlown, No. 28828-039
FCI - Elkton
P.O. Box 10
Lisbon, OH 44432

           S/Jennifer Hernandez
           Case Manager